IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA, )
)
Plaintiff / Respondent, )
)
v. ) Case No. 09-20119-14-JWL
) Case No. 12-2422-JWL
JESUS RIOS-MENDOZA )
)
Defendant / Petitioner. )
)
_____)

## MEMORANDUM AND ORDER

This matter is presently before the Court on defendant Jesus Rios-Mendoza's pro se petition to modify his sentence pursuant to 28 U.S.C. § 2255 (Doc. # 980).  For the reasons set forth below, the Court concludes that defendant is not entitled to relief, and his petition is therefore **denied**.

### I.    Background

Along with several other defendants, defendant was charged with one count of a conspiracy to distribute and to possess with intent to distribute more than five kilograms of cocaine, more than 50 grams of methamphetamine, and marijuana, in violation of 21 U.S.C. §§ 841(a)(1) and 846.  On January 24, 2011, on the eve of trial, defendant pleaded guilty to that charge without a plea agreement.

On May 23, 2011, the Court sentenced defendant to a period of imprisonment of

121 months.  According to the presentence report, which the Court adopted in its entirety, the equivalent of 3,313.84 kilograms of marijuana was attributable to defendant, which calculation yielded a base offense level of 34 under the applicable sentencing guidelines.  After hearing testimony, the Court overruled defendant's objection and added two levels based on the possession of firearms by his co-conspirators.  *See* U.S.S.G. § 2D1.1(b)(1) (2010).  After applying a three-level deduction for acceptance of responsibility, the Court concluded that the applicable sentencing guideline range was a term of imprisonment of 135 to 168 months (offense level 33, criminal history category I).  The Court refused to apply the safety valve, which would have allowed for an additional two-level deduction and a sentence below the statutory mandatory minimum sentence of ten years, *see* U.S.S.G. § 5C1.2, on the basis of its finding that defendant had not been candid in supplying information to the Government.  Nevertheless, the Court varied downward by one level and imposed a sentence at the low end of the range for level 32.  The Court concluded that such a sentence was sufficient to reflect the seriousness of the offense, promote respect for the law, and deter criminal conduct, in light of defendant's young age, his lack of significant criminal history, and the fact that the firearms possessed by the co-conspirators were not used in a manner typical to drug trafficking offenses.

Defendant filed an appeal, for which defendant's counsel submitted an *Anders* brief.  On March 13, 2012, while the appeal was pending, the Court dismissed as premature defendant's first petition for relief under 28 U.S.C. § 2255.  On June 28, 2012,

the Tenth Circuit rejected defendant's jurisdictional argument and affirmed defendant's

conviction and sentence.  Defendant filed the present petition on July 5, 2012.

## II.   **Analysis**

### A.   *Failure to Argue for Minimal or Minor Participant Deduction*

In the first claim asserted in his Section 2255 petition, defendant claims that his

counsel's performance was constitutionally deficient because at sentencing he failed to

argue for a four- or two-level deduction based on defendant's role as a minimal or minor

participant in the criminal activity, pursuant to U.S.S.G. § 3B1.2.  Section 2255 entitles

a prisoner to relief "[i]f the court finds that the judgment was rendered without

jurisdiction, or that the sentence imposed was not authorized by law or otherwise open

to collateral attack, or that there has been such a denial or infringement of the

constitutional rights of the prisoner as to render the judgment vulnerable to collateral

attack."  *See* 28 U.S.C. § 2255(b).  "To establish ineffective assistance of counsel, [a]

[d]efendant must show 'that counsel's representation fell below an objective standard

of reasonableness' and that he was prejudiced by the deficient performance."  *United

States v. Moya*, 676 F.3d 1211, 1213 (10th Cir. 2012) (quoting *Strickland v. Washington*,

466 U.S. 668, 687-88 (1984)).

The Court need not address whether counsel's performance was ineffective in this

regard because it concludes that defendant has failed to demonstrate the necessary

prejudice from counsel's failure to raise this issue at sentencing.  *See Strickland*, 466

U.S. at 697 (court need not address both prongs of test for ineffective assistance of counsel if there is an insufficient showing on one prong).  Simply put, even if the issue had been raised, the Court would not have applied a deduction for a minimal or minor role in the offense.

A minimal or minor participant adjustment is available only to "a defendant who plays a part in committing the offense that makes him substantially less culpable than the average participant."  *See* U.S.S.G. § 3B1.2 cmt. n.3(A), *quoted in United States v. Martinez*, 512 F.3d 1268, 1275 (10th Cir. 2008).  This determination depends on the facts of the particular case, and the Court, "in weighing the totality of the circumstances, is not required to find, based solely on the defendant's bare assertion, that such a role adjustment is warranted."  *See* U.S.S.G. § 3B1.2 cmt. n.3(C), *quoted in Martinez*, 512 F.3d at 1275.

Defendant argues that he was entitled to this adjustment because he acted solely as a "mere driver" or "gofer" who took orders from others, had no knowledge about the conspiracy, and had no contact with "the actual sellers (drug dealers)."  The Tenth Circuit has rejected the argument that a drug courier necessarily plays a minor role, as follows:

> [W]e have consistently refused to adopt a per se rule allowing a downward adjustment based solely on a defendant's status as a drug courier.  . . .
> [D]rug couriers are an indispensable component of drug dealing networks.
> To debate whether couriers as a group are less culpable would not be productive, akin to the old argument over which leg of a three-legged stool is the most important leg.  The district court's decision whether to grant an adjustment under § 3B1.2 must therefore turn on the defendant's

4

culpability relative to other participants in the crime.

*Martinez*, 512 F.3d at 1276 (emphasis omitted, internal quotations and citations omitted).

The facts set forth in the presentence report (to which defendant did not object) and the credible testimony by a case agent at defendant's sentencing establish that defendant's role in the conspiracy was not a minimal or minor one for purposes of this adjustment. Defendant helped to transport drugs or drug proceeds by car between California and the Kansas City area on four separate occasions. Defendant helped to package and unpackage those drugs and proceeds and to hide them in compartments in the vehicles. He knew the purposes of those trips, and he continued in that role even after his first trip, when law enforcement stopped and searched the vehicle and found money that one passenger admitted represented drug proceeds. Defendant's brother-in-law acted as one of the chiefs of the drug-trafficking conspiracy, and other relatives of defendant also participated in the conspiracy. Defendant's involvement in the conspiracy was not limited to one or two isolated incidents.

In addition, the Court notes that the scope of defendant's involvement in the conspiracy was already reflected by the fact that the presentence report attributed to him not all of the drugs involved in the conspiracy, but only those drugs and proceeds involved in his four trips. Thus, even though the guidelines would still make an adjustment possible, *see* U.S.S.G. § 3B1.2 cmt. n.3(A), an additional adjustment in this case would result in "an undeserved windfall" for defendant. *See Martinez*, 512 F.3d at 1276 & n.3.

5

For these reasons, the Court would not have applied a deduction based on defendant's role in the offense. Thus, defendant cannot have suffered any prejudice from his attorney's failure to seek such an adjustment. Accordingly, defendant is not entitled to relief, and this claim by defendant is denied.

### B.     *Place of Incarceration*

In the second claim asserted in his Section 2255 petition, defendant claims a "harsh incarceration," based on the fact that he has been assigned to an immigration detention center instead of another facility where he could benefit from programs that would "better himself and lessen his federal sentence." The place of defendant's confinement, however, is not part of the sentence imposed by the Court and instead falls within the authority of the Bureau of Prisons. *See United States v. Canas-Briseno*, 118 F. App'x 419, 421 (10th Cir. 2004) (citing *Prows v. Federal Bur. of Prisons*, 981 F.2d 466, 468-49 n.3 (10th Cir. 1992)); *see also* 18 U.S.C. § 3621(b) (granting authority concerning the place of confinement to the Bureau of Prisons). Moreover, "federal prisoners generally enjoy no constitutional right to placement in any particular penal institution." *See Prows*, 981 F.2d at 468-69 n.3. Thus, defendant has not shown that this Court erred in imposing his sentence or that he is otherwise entitled to relief, and, accordingly, the Court denies this claim.[1]

---

[1]Because the motion and records of this case conclusively show that defendant is not entitled to relief, the Court need not conduct a hearing on his claims. *See* 28 U.S.C. § 2255(b).

### III.   Certificate of Appealability

Effective December 1, 2009, Rule 11 of the Rules Governing Section 2255 Proceedings states that the Court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.  "A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).[2] To satisfy this standard, the petitioner must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  *See Saiz v. Ortiz*, 393 F.3d 1166, 1171 n.3 (10th Cir. 2004) (quoting *Tennard v. Dretke*, 542 U.S. 274, 282 (2004)).  For the same reasons stated above, defendant has not made a substantial showing of the denial of a constitutional right; the Court therefore denies a certificate of appealability with respect to the claims asserted in defendant's petition.

**IT IS THEREFORE ORDERED BY THE COURT** that defendant's petition to modify his sentence pursuant to 28 U.S.C. § 2255 (Doc. # 980) is **denied.**

IT IS SO ORDERED.

Dated this 16th day of October, 2012, in Kansas City, Kansas.

---

[2]The denial of a Section 2255 petition is not appealable unless a circuit justice or a circuit or district judge issues a certificate of appealability.  *See* Fed. R. App. P. 22(b)(1); 28 U.S.C. § 2253(c)(1).

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge

8