# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF KANSAS

**United States of America,**

      **Plaintiff,**

**v.**　　　　　　　　　　　　　　　　　　　**Case No. 09-20119-14-JWL**

**Jesus Rios-Mendoza,**

      **Defendant.**

## MEMORANDUM & ORDER

This matter is before the court on Mr. Rios-Mendoza's pro se motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2) in which Mr. Rios-Mendoza asks the court to reduce his sentence based on Amendment 782 to the United States Sentencing Guidelines. The motion is granted to the extent set forth below as Mr. Rios-Mendoza is entitled to a one-month reduction in his sentence.

Mr. Rios-Mendoza's PSR attributed to him drug quantities equivalent to 3,313.84 kilograms of marijuana and a corresponding base offense level of 34 pursuant to the drug quantity table found in U.S.S.G. § 2D1.1. Mr. Rios-Mendoza was ultimately assigned a total offense level of 33 (after a two-point enhancement for the possession of firearms and a three-point reduction for acceptance of responsibility) and a criminal history category of I. Mr. Rios-Mendoza's advisory guideline range, then, was 135 to 168 months. At sentencing, the court departed downward one level and sentenced Mr. Rios-Mendoza to a sentence of 121 months.

In light of Amendment 782, the drug quantities attributed to Mr. Rios-Mendoza now correspond to a base offense level of 32. See U.S.S.G. § 2D1.1. With the same enhancements

and reductions, Mr. Rios-Mendoza's total offense level is now 31. Because his criminal history category is I, his amended guideline range is 108 to 135 months.[1] However, while Mr. Rios-Mendoza is eligible for a two-level reduction in his base offense level, he remains subject to the mandatory minimum sentence of 120 months pursuant to 21 U.S.C. §§ 841(b)(1)(A). Thus, the court is only authorized to grant Mr. Rios-Mendoza a one-month reduction, from 121 months to 120 months. The statutory mandatory minimum precludes the court from sentencing Mr. Rios-Mendoza to less than 120 months. *United States v. Randle*, 508 Fed. Appx. 766, 768 (10th Cir. 2013) (on § 3582(c) motion, district court has no authority or discretion to depart from a statutorily mandated minimum sentence).

**IT IS THEREFORE ORDERED BY THE COURT THAT** Mr. Rios-Mendoza's motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2) (doc. 1130) is **granted as described herein** and Mr. Rios-Mendoza's sentence is **reduced from 121 months to 120 months imprisonment**. All other provisions of the judgment dated May 23, 2011 shall remain in effect.

---

[1] Mr. Rio-Mendoza contends that his amended guideline range is 97 to 121 months which he calculates by subtracting two levels from the level to which the court departed at sentencing. In calculating the amended guideline range, however, the court is not authorized to consider the downward variance at sentencing and must begin with the offense level and criminal history category determined in the PSR, which the court adopted at sentencing. *See* U.S.S.G. § 1B1.10 cmt. 1(A) (Nov. 1, 2011) (defining the "amended guideline range" as "the guideline range that corresponds to the [amended] offense level and criminal history category determined . . . before consideration of . . . any variance"). The court, then, appropriately calculated Mr. Rios-Mendoza's amended guideline range by referencing the base offense level that was determined in the PSR (34), reducing that base offense level by two levels (32) and then applying the same enhancement and reductions (31). Of course, even if Mr. Rios-Mendoza's amended guideline range was 97 to 121 months, the court would nonetheless be required to sentence Mr. Rios-Mendoza to 120 months in light of the statutory mandatory minimum.

**IT IS SO ORDERED.**

Dated this 27th day of April, 2015, at Kansas City, Kansas.

**Effective Date:  November 1, 2015**.

                                                 s/ John W. Lungstrum
                                                 John W. Lungstrum
                                                 United States District Judge